# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRC ULUSLARARASI TAAHUT VE TICARET A.S., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-00771-PX |
| LEXON INSURANCE COMPANY, *et al.*, | * | |
| Defendants. | * | |
| _____ | | |
| LEXON INSURANCE COMPANY, | * | |
| Cross-Plaintiff, | * | |
| v. | * | |
| MONTAGE, INC, *et al.*, | * | |
| Cross-Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Cross-Plaintiff Lexon Insurance Company's ("Lexon") motion for alternative service on Cross-Defendants Sina Moayedi ("Moayedi") and Melissa Gonzales ("Gonzales"). ECF No. 47. For the following reasons, Lexon's motion is GRANTED.

Moayedi is the President of Montage, Inc. ("Montage"), located at 4601 N. Park Avenue, Unit 101C, Chevy Chase, MD 20815. ECF No. 47 ¶ 7. He is also Gonzales's husband, both of whom are believed to reside at 4705 Chevy Chase Boulevard, Chevy Chase, Maryland 20815. *Id.*

Despite its admirable efforts, Lexon has unsuccessfully attempted service on Moayedi and Gonzales at the above two addresses on multiple occasions: July 8, 2020; July 9, 2020; July 10, 2020; July 13, 2020; July 14, 2020; July 15, 2020; July 20, 2020; and July 23, 2020.  *See* ECF No. 47 ¶ 9; *see also* ECF Nos. 47-8; 4-9; 47-10.  During these service attempts, the process service company observed some evidence of occupancy at 4705 Chevy Chase Boulevard, but did not encounter any resident with whom it could leave copies of the pleadings pursuant to Fed. R. Civ. P. 4(e)(2)(B).  ECF No. 47 ¶ 9.  When the process server attempted service on July 13, 2020, he noted his "belief that Sina Moayedi was present at the time and actively evading service of process."  *Id.* ¶ 10; *see also* ECF No. 47-9.

Lexon also attempted service on July 17, 2020, by providing copies of the pleadings to Mr. Philip Zuber, Moayedi and Gonzales's attorney.  ECF No. 47 ¶ 12.  Mr. Zuber, however, stated that his clients prohibited him from accepting service on their behalf.  *Id.*

Lexon tried once more, by transmitting copies of the pleadings to Moayedi and Gonzales at the above two addresses by certified mail.  *Id.* ¶ 13.  It does not have definitive evidence that the couple ever received these mailings.  *Id.*

Amidst these service attempts, Moayedi, in his capacity as President of Montage, submitted an affidavit dated July 16, 2020, in support of Montage's opposition to Lexon's preliminary injunction motion.  ECF No. 40-1 ¶ 3.  In his affidavit, Moayedi swore that he has "reviewed and [is] aware of the contents of the Motion for Preliminary Injunction filed by Lexon Insurance Company in this litigation."  *Id.*  Based on that representation, Moayedi likely has actual notice of Lexon's crossclaims, which were filed the same day as the preliminary injunction motion.  ECF No. 47 ¶ 14.

Lexon now asks this Court for leave to effectuate service on Moayedi and Gonzales by posting and mailing copies of the relevant pleadings via first-class mail to the 4705 Chevy Chase Boulevard address and the 4601 N. Park Avenue address.  *Id.* ¶ 20.

Rule 4(e)(1) allows a party to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located."  Fed. R. Civ. P. 4(e)(1).  Maryland Rule 2-121(b), in turn, states that upon proof by affidavit of evasion of service, "the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant."  The Court may also "order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."  Md. Rule 2-121(c).  "In order to pass constitutional muster, such notice 'is that which is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Life Ins. Co. of N. Am. v. Batson*, No. DKC 2003-2126, 2004 WL 540434, at *1 (D. Md. Mar. 16, 2004) (quoting *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920 (4th Cir. 1996)).  "When available, the combination of the two service options of mailing to the last known address and posting service on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service."  *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. PWG-12-148, 2013 WL 12423808, at *1 (D. Md. Feb. 15, 2013) (quotation omitted).

Lexon has made apparent its good-faith efforts to serve Moayedi and Gonzales.  Along with its motion, it has provided affidavits from its service of process company showing multiple

service attempts on both Moayedi and Gonzales. *See* ECF Nos. 47-8; 47-9; 47-10. Lexon proposes to serve Moayedi and Gonzales by leaving/posting and sending copies of the summons, crossclaims, and preliminary injunction motion via first-class mail to both 4705 Chevy Chase Blvd. and 4601 N. Park Avenue, as permitted under Maryland Rules 2-121(b) and 2-121(c). ECF No. 47 ¶ 20. The Court finds that under these circumstances, alternative service is appropriate, and that Lexon's proposed form of service is reasonably calculated to provide adequate notice to Cross-Defendants Moayedi and Gonzales.

Based on the foregoing, it is this 15th day of October, 2020, by the United States District Court for the District of Maryland, ORDERED that:

1. Lexon's Motion for Alternative Service (ECF No. 47) BE, and the same hereby IS, GRANTED;

2. Service of process of the summons, crossclaims, and preliminary injunction motion to Sina Moayedi, 4601 N. Park Ave, Unit 101C, Chevy Chase, MD 20815; and 4705 Chevy Chase Boulevard, Chevy Chase, Md 20815, via certified mail SHALL BE effective service;

3. Service of process of the summons, crossclaims, and preliminary injunction motion to Melissa B. Gonzales, 4705 Chevy Chase Boulevard, Chevy Chase, MD 20815, via certified mail SHALL BE effective service;

4. The deadline under Fed. R. Civ. P. 4(b) for Lexon to serve Sina Moayedi and Melissa B. Gonzales SHALL BE extended 90 days; and

5. The Clerk shall TRANSMIT copies of this Memorandum Opinion and Order to the parties.

October 15, 2020_____          __/S/_____
Date                                       Paula Xinis
                                           United States District Judge